**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Eastern__ District of __New York__
                                 (State)

Case number (*If known*): _____ Chapter _____

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Roosevelt Tropical Corp. |
| 2. | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | N/A |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 2 6 – 3 5 8 3 7 8 3 _ _ |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 88-18 Jamaica Avenue <br> Number    Street | _____ <br> Number    Street |
| _____ | _____ <br> P.O. Box |
| Woodhaven, New York 11421 <br> City      State    ZIP Code | _____ <br> City      State    ZIP Code |
| Queens <br> County | **Location of principal assets, if different from principal place of business** <br> _____ <br> Number    Street <br> _____ <br> _____ <br> City      State    ZIP Code |

5. **Debtor's website** (URL)    https://www.tropical-restaurants.com

Debtor  Roosevelt Tropical Corp._____          Case number (*if known*)_____
        Name

6. **Type of debtor**
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

7. **Describe debtor's business**

   A. *Check one:*

   ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   ☒ None of the above

   B. *Check all that apply:*

   ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
   ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
   ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
   7  2  2  5

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   *Check one:*

   ☐ Chapter 7
   ☐ Chapter 9
   ☒ Chapter 11. *Check **all** that apply*:
       ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).
       ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
       ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
       ☐ A plan is being filed with this petition.
       ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
       ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
       ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
   ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☒ No
   ☐ Yes.  District  Eastern District of New York  When 08/01/2023  Case number 23-42796
                                                                           MM / DD / YYYY
                      District  Eastern District of New York  When 11/30/2023  Case number 23-44446
                                                                          MM / DD / YYYY

Debtor  Roosevelt Tropical Corp.  Case number (*if known*)_____
      *Name*

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.  Debtor  See Rider 1  Relationship  Affiliate

District  When
                                                        MM / DD / YYYY

Case number, if known

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**
                                Number        Street

City                                State  ZIP Code

**Is the property insured?**

☒ No

☐ Yes.  Insurance agency

Contact name

Phone

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

| Debtor | Roosevelt Tropical Corp. | Case number (if known) _____ |
|---|---|---|
| | Name | |

| 15. **Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☒ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
|---|---|---|---|
| 16. **Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  07/09/2025
               MM  / DD  / YYYY

✗ /s/ Laurie Illescas                      Laurie Michelle Illescas
Signature of authorized representative of debtor    Printed name

Title  President/CEO

**18. Signature of attorney**

✗ /s/ Damond Carter              Date  07/09/2025
Signature of attorney for debtor                         MM  / DD  / YYYY

Damond Carter, Esq. (Interim Of-Counsel)
Printed name

P.I. Legal Group, Inc. by interim Of-Counsel (Proposed Counsel)
Firm name

411 Theodore Fremd Ave
Number  Street

Rye                                    NY      10580
City                                    State    ZIP Code

(888) 949-5572                carter@pi-legal-group.com
Contact phone                      Email address

3022472                             NY
Bar number                              State

UNITED STATES BANKRUPTCY COURT

FOR THE

EASTERN DISTRICT OF NEW YORK

**Chapter 11**

**Case No.:** _____

## RIDER 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively "the Debtors") filed a petition in the United States Bankruptcy Court for the Eastern District of New York for relief under Chapter 11 of the Title 11 of the United States Code. The Debtors have moved for joint administration of these cases under case number assigned the Chapter 11 case of ECUO Foods, Inc.

- ECUO Real Holdings, Inc.
- 8818 Jamaica, Inc.
- The New Tropical Deli 2, Inc.
- 8818 Tropical Restaurante, Corp.
- Roosevelt Tropical Corp.
- 88-18 Jamaica Avenue Realty, Corp.
- ECUO Foods, Inc. [1]

---

[1] On or about June 11, 2025, the Debtor ECUO Foods, Inc. ("ECUO Foods"), in a case under Docket/Case No. 25-40252(NHL), had its case dismissed for failure to file required financial documents, which directly related to the Debtors. Since that time, ECUO Foods has compiled and completed all documents necessary for reorganization, and will move to reopen its case, the Lead Case, and restoration of a related adversary proceeding, in July 11, 2025, filings.

UNITED STATES BANKRUPTCY COURT

FOR THE

EASTERN DISTRICT OF NEW YORK

Chapter 11

Case No.: _____

## RIDER 2

### List of Equity Security Holder(s)

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| ECUO Foods, Inc. | 88-18 Jamaica Avenue<br>Woodhaven, New York 11421 | 100% |

UNITED STATES BANKRUPTCY COURT

FOR THE

EASTERN DISTRICT OF NEW YORK

Chapter 11

Case No.: _____

# RIDER 3

## Corporate Ownership Statement

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly owns 10% or more of any class of the debtor's equity interest:

| **Shareholder/Merger** | **Approximate Percentage of Equity Held** |
|---|---|
| ECUO Foods, Inc. | 100% |

**Fill in this information to identify the case:**

Debtor name _____

United States Bankruptcy Court for the: ____Eastern____ District of __New York__
(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders            12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Mike Alonzo Rodriguez c/o Pechman Law Group 488 Madison Avenue New York, NY 10022 | (212)583-9500 pechman@pechmanlaw.com | Labor Claim | Unliqudated | $500,000 | $0 | $500,000 |
| 2 | Ruben Chavez c/o Joseph Norinsberg, LLC 110 E. 59th St., Ste. 3200 New York, NY 10022 | (212) 227-5700 diego@norinsberglaw.com | Labor Claim | Unliquidated | $500,000 | $0 | $500,000 |
| 3 | City of New York c/o Wilson Elser Moskowitz 1133 Westchester Ave White Plains, NY 10604 | (914) 872-7335 joel.vago@wilsonelser.com | Municipal Assessment | Unliqudated | $250,000 | $0 | $250,000 |
| 4 | Bank of New York Mellon c/o Seyfarth Shaw 620 Eighth Avenue New York, New York 10018 | (212) 218-5563 gakerman@seyfarth.com | Lien | Unliquidated | $201,242.33 | $0 | $201,242.33 |
| 5 | Bank of New York Mellon c/o Bronster, LLP 156 W. 56th Street, Ste. 902 New York, New York 10019 | (212) 558-9300 lkrechmer@bronsterllp.com | Lien | Unliuquidated | | $0 | |
| 6 | Bank of New York Mellon c/o Seyfarth Shaw 620 Eighth Avenue New York, New York 10018 | (212) 218-5563 gakerman@seyfarth.com | Lien | Unliqudated | $275,000 | $0 | $275,000 |
| 7 | Alfredo Andrade Solis c/o Levin-Epstein & Assocs. 60 E. 42nd St., Ste. 4700 New York, NY 10165 | (212) 792-0046 joshua@levinepstein.com | Labor Claim | Unliquidated | $500,000 | $0 | $500,000 |
| 8 | Lenin Galindo c/o CSM Legal 60 E. 42nd St., Ste. 4510 New York, NY 10165 | (212) 317-1200 catalina@csm-legal.com Catalina Sojo, Esq | Labor Claim | Unliquidated | $75,000 | $0 | $75,000 |

Debtor  ECUO Foods, Inc.  
        Name

Case number (*if known*) 25-40252

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | NYS Dep't of Labor Harriman State Ofc. Campus Bldg. 12, Rm. 508 Albany, New York 12240 | (518) 485-2191 chris.white@labor.ny.gov | Labor Claim | Unliquidated | $3,000,000 | $0 | $4,000,000 |
| 10 | Juan Lynch c/o Raskin Kremins 160 Broadway, 4th FL New York, NY 10038 | (212) 587-3434 wchang@raskrem.com | Lien | Unliquidated | $159,725.41 | $0 | $159,725.41 |
| 11 | Julio Alberto Gualpa c/o Helen Dalton & Assocs. 80-02 Kew Gardens Rd. Ste. 601, Kew Gardens, NY 11375 | (718)263-9591 HelenDaltonPC@HelenDalton.com | Labor Claim | Unliquidated | $100,000 | $0 | $100,000 |
| 12 | Arely Llerena c/o David Stein, Esq. Samuel & Stein 1441 Broadway, Ste. 6085 NY, NY 10018 | Samuel & Stein 1441 Broadway Ste. 6085 NY, NY 10018 (212)563-9884 | Labor Claim | | | | $500,000 |
| 13 | Ohlert-Ruggiere, Inc., 88-11 Jamaica Avenue Woodhaven, NY 11421 | | Lien | Unliquidated | $500,000 | $0 | |
| 14 | | | | | | | |
| 15 | | | | | | | |
| 16 | | | | | | | |
| 17 | | | | | | | |
| 18 | | | | | | | |
| 19 | | | | | | | |
| 20 | | | | | | | |

**OMNIBUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS, MANAGERS, OR SIMILAR GOVERNING BODY OR ENTITY, AS APPLICABLE, OF EACH OF THE COMPANIES SET FORTH IN EXHIBIT A ATTACHED HERETO**

I, the undersigned, the requisite member of the board of directors, managers, or similar governing body or the sole member or sole managing member, each an authorizing body, as applicable of each of the companies set forth on **Exhibit A** attached hereto, and each organized and existing under the internal laws of the State of New York, as set forth in each company's applicable governing documents. I hereby take the following actions and adopt the resolutions attached hereto as **Annex A** by written consent, pursuant to each Company's bylaws, shareholders agreement, operating agreement, or such other similar governing document and the applicable laws of the jurisdiction of incorporation or formation, as applicable, in which such Company is organized.

This consent may be executed in two or more counterparts (including by facsimile or portable document format (.pdf) and all so executed counterparts shall constitute one consent notwithstanding that all the signatories hereto are not signatories to the same counterpart.

IN WITNESS WHEREOF, this omnibus written consent has been adopted as of July 2, 2025.

[*Remainder of page intentionally left blank*]

## **EXHIBIT A**

### **The ECUO Foods Companies**

1. ECUO Real Holdings, Inc.
2. 8818 Jamaica, Inc.
3. The New Tropical Deli 2, Inc.
4. 8818 Tropical Restaurante, Corp.
5. Roosevelt Tropical Corp.
6. 88-18 Jamaica Avenue Realty, Corp.
7. ECUO Foods, Inc.

**Annex A**

# RESOLUTIONS OF THE AUTHORIZING BODY OF EACH COMPANY

**WHEREAS**, ECUO Foods, Inc. ("ECUO Foods"), a New York corporation, is managed by a board of directors (the "ECUO Foods Board");

**WHEREAS**, on July 2, 2025, the ECUO Foods Board adopted resolutions establishing a special committee of the ECUO Foods Board (the "Special Committee") and delegating to the Special Committee, among other things, the power and authority of the ECUO Foods Board to: (a) plan for, negotiate, and evaluate potential strategic alternatives and contingency planning in connection with its ongoing goals and objectives; (b) direct and oversee the implementation and execution of the "Strategic Alternatives Plan" contemplated "Restructuring Matters"); and (c) make recommendations to the ECUO Foods Board regarding what actions should be taken by the ECUO Foods Board with respect to any Restructuring Matters;

**WHEREAS**, the Special Committee has determined that the matters approved and authorized herein, including, without limitation, the commencement of the Bankruptcy Cases (as defined below), the prospective of ECUO Foods' entry into DIP Credit Agreements (as defined below), and the retention of certain professionals, in each case, constitute Restructuring Matters;

**WHEREAS**, the Special Committee has considered the actions set forth herein, determined them to be in the best interests of ECUO Foods and the other ECUO Foods companies in light of the ECUO Foods and its companies' circumstances, and recommended that the ECUO Food Board and each other Authorizing Body approve and authorize the transactions and other actions described herein;

**WHEREAS**, the Special Committee and each Authorizing Body has reviewed and considered the financial and operational condition of its applicable Company and the ECUO Foods Companies as a whole, including the historical performance of the Companies, the assets of the ECUO Foods Companies, the current and long-term liabilities of the ECUO Foods companies as a whole, and relevant industry and credit market conditions, and has considered various strategic alternatives in respect of such matters;

**WHEREAS**, the Special Committee and each Authorizing Body has (a) received, reviewed, and considered the recommendations of, and the related materials presented by the ECUO Foods' management team ("Management") and the ECUO Foods' legal, financial, and other outside professional advisors (collectively, the "Advisors") as to the financial condition of the ECUO Foods Companies, the strategic alternatives available to the ECUO Foods Companies, and the relative risks and benefits of pursuing cases under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "Bankruptcy Code"), and (b) had the opportunity to consult with Management and the Advisors in respect of the foregoing;

**WHEREAS**, each Authorizing Body, in respect of its applicable Company, has reviewed and considered the need for the Authorized Persons (as defined below) to take further actions to carry out the intent and purpose of the following resolutions, perform the obligations of such Company under the Bankruptcy Code, and pay fees and expenses in connection with the transactions and other actions contemplated herein;

**WHEREAS**, each Authorizing Body, in respect of its applicable Company, has reviewed and considered certain actions that may have previously been taken by any director, officer, employee, manager, member, stockholder, general partner, or agent of such Company in connection with or related to the matters contemplated herein;

**WHEREAS**, each Authorizing Body has reviewed and considered the ECUO Foods Companies' collective need to employ individuals and/or firms as counsel, professionals, consultants, or financial advisors to represent and assist the ECUO Foods Companies in carrying out their duties in connection with the chapter 11 cases under the Bankruptcy Code (such cases, collectively, the "Bankruptcy Cases"); and

**WHEREAS**, the ECUO Foods Board and the other Authorizing Bodies believe that taking the actions set forth below is in the best interests of the ECUO Foods Companies and, therefore, desire to approve the following resolutions.

**NOW THEREFORE BE IT:**

**1. Commencement of the Bankruptcy Cases**

**RESOLVED**, that in accordance with the Special Committee's recommendation, each Authorizing Body, in respect of its applicable Company, has determined, after due consultation with Management and the Advisors, that it is desirable and in the best interests of such Company, its creditors, and other parties in interest that such Company file a voluntary petition for relief under the provisions of chapter 11 of the Bankruptcy Code (each, a "Bankruptcy Petition," and collectively, the "Bankruptcy Petitions") and commence a Bankruptcy Case under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"); and be it further

**RESOLVED**, that each Authorizing Body, with respect to its applicable Company, hereby authorizes, directs, and empowers (a) Ms. Laurie Michelle Illescas, President and CEO of the ECUO Foos Companies, and (c) any other officer or other authorized person acting in the name and on behalf of such Company (clauses (a) through (c), collectively, the "Authorized Persons" and each, an "Authorized Person") to, on behalf of such Company, execute, verify, and file or cause to be filed any of the Bankruptcy Petitions, schedules, lists, and the motions, objections, replies, applications, and other papers or documents determined to be advisable, appropriate, convenient, desirable, or necessary in connection with the foregoing; and be it further

**RESOLVED**, that each Authorizing Body, with respect to its applicable Company, hereby (a) authorizes, adopts, and approves the form and the terms and provisions of, and authorizes and empowers any Authorized Persons to file with the Bankruptcy Court any motions, pleadings, and any other documents to be performed or agreed to by its Company that are reasonably necessary for the prosecution of and in connection with the proceedings of the Bankruptcy Cases (collectively, the "Ancillary Documents"), and (b) authorizes and directs any Authorized Person, in the name and on behalf of its Company, to execute and deliver (with such changes, additions, and modifications thereto as such Authorized Persons executing the same shall approve, such approval to be conclusively evidenced by such Authorized Persons' execution and delivery thereof) each of the Ancillary Documents to which such Company is a party and, upon the execution and delivery thereof by each of the other parties thereto, cause such Company to perform its obligations thereunder; and be it further

2. **Retention of Professionals**

**RESOLVED**, that each Authorizing Body, with respect to its applicable Company, hereby authorizes and directs the Authorized Persons, in the name and on behalf of such Company, to employ: (a) the law firms of (i) P. I. Legal Group and (ii) Law Office of Julio E. Portilla, as bankruptcy co-counsels; (b) Yuriy Payziyez, of Yuriy & Associates as financial and restructuring advisor and accountants; and (c) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals any Authorized Person deems necessary, appropriate or advisable; each to represent and assist the ECUO Foods Companies in carrying out their duties and responsibilities and exercising their rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses); and be it further

**RESOLVED**, that in connection with the foregoing, each Authorizing Body, with respect to its applicable Company, hereby authorizes, empowers, and directs the Authorized Persons to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services, and ratifies any and all prior actions taken in connection therewith in their entirety; and be it further

3. **Continued Operations and Refinancing Process**

**RESOLVED**, that in the business judgment of each Authorizing Body, it is desirable and in the best interest of its Company and its creditors, stakeholders, and other parties in interest that such Company, be and hereby is, authorized to (a) continue to engage in continued operations and to identify refinancing in relation to the ECUO Foods Companies' assets; and be it further

**RESOLVED**, that in connection with the foregoing, each Authorizing Body, with respect to its applicable Company, hereby authorizes, empowers, and directs the Authorized Persons to (a)(i) continue operations, (ii) enter into or pursue refinancing negotiations with identified interested parties in connection with the DIP financing, (iii) file one or more motions or other

pleadings with the Bankruptcy Court in furtherance of DIP refinancing, (iv) seek approval from the Bankruptcy Court to sell such assets or take actions in furtherance of DIP financing, and (vi) undertake any and all related transactions as in his or her reasonable discretion is determined to be necessary, desirable, or appropriate in connection with the financing process and

4. **Approval of DIP Credit Agreement and Additional DIP Facility Document**s

**RESOLVED**, that each Authorizing Body, in considering all strategic alternatives, deems it to be desirable and in the best interest of its applicable Company and such Company's creditors, stakeholders, and other parties in interest to (a) obtain senior secured super-priority post-petition financing (the "DIP Facility") on terms and conditions substantially consistent with the proposed form of debtor-in-possession credit agreement (the "DIP Credit Agreement"), (b) obtain the benefits of the use of cash collateral, as such term is defined in section 363(a) of the Bankruptcy Code ("Cash Collateral"), which is security for certain prepetition lenders (the "Prepetition Secured Parties"), (c) enter into any and all other agreements or documents that are required, necessary, appropriate, desirable, or advisable to consummate the transactions contemplated by the DIP Credit Agreement, (d) execute all certificates, notices, instruments, receipts, motions, or other documents and agreements required to consummate the transactions considered by the DIP Credit Agreement or the DIP Orders (as defined below) (collectively, the "DIP Facility Documents"), and (e) incur any and all obligations and undertake any and all related transactions on substantially the same terms as contemplated under the DIP Facility Documents, including granting liens on its assets to secure such obligations; and be it further

**RESOLVED**, that to use and obtain the benefits of the Cash Collateral and the DIP Facility, the ECUO Foods Companies will provide certain adequate protection to the Prepetition Secured Parties, as documented in one or more orders of the Bankruptcy Court which authorize, among other things, the ECUO Foods Companies to execute and perform under the DIP Credit Agreement, use Cash Collateral, and provide adequate protection to the Prepetition Secured Parties (such orders, collectively, the "DIP Orders") with such changes, additions, and modifications thereto as an Authorized Person shall approve; and be it further

**RESOLVED**, that each Authorizing Body has determined, in the exercise of its business judgment, that its applicable Company will obtain benefits from the incurrence of the borrowings and the other obligations under the DIP Facility Documents (the "Obligations"), including without limitation the adequate protection obligations set forth in the DIP Orders, which are necessary and convenient to the conduct, promotion, and attainment of the business of such Company; and be it further

**RESOLVED**, that each Authorizing Body, in the exercise of its business judgment, hereby authorizes and approves, in all respects, the terms, and provisions of the DIP Facility Documents, substantially in the forms circulated to the Authorizing Bodies, and the ECUO Foods Companies' execution, delivery, and performance of its obligations under the DIP Facility

Documents, including without limitation, the grant of security interests under the applicable DIP Facility Document(s), and any borrowings or guaranty therewith; and be it further

**RESOLVED**, that each Authorizing Body, with respect to its applicable Company, hereby authorizes and empowers each Authorized Person to (a) enter into or join the DIP Facility Documents, including without limitation any guarantees related thereto, incur or guarantee the payment and performance of the Obligations, and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Facility Documents, including granting liens on and security interests in its assets, including the Collateral (as defined in the applicable DIP Facility Document(s)), (b) negotiate, execute, deliver, and perform under the DIP Facility Documents, and all agreements, certificates, documents, notices and instruments, security agreements, control agreements, intercreditor agreements and similar agreements and arrangements, financing statements (which may include supergeneric descriptions of collateral such as "all assets" or "all personal property"), intellectual property filings, fee letters and any reaffirmations, ratifications, amendments, extensions, waivers, joinder agreements, supplements, or any other modifications to any of the foregoing in connection with the DIP Facility Documents, (c) take any and all actions to perform all of the Obligations and the transactions contemplated under each of the DIP Facility Documents in the name and on behalf of such Company, including the payment of all fees and expenses in connection therewith, (d) take all such further actions, or cause all such further actions to be taken as in the reasonable determination of such Authorized Person shall be necessary, proper, or advisable in order to fully carry out the intent and accomplish the purposes of the foregoing resolutions and to consummate the transactions contemplated thereby, with all such changes, additions, and modifications thereto as such Authorized Person shall approve, with such approval to be conclusively evidenced by such Authorized Person's execution and delivery thereof, and (e) seek Bankruptcy Court approval of such Company's use of Cash Collateral and incurrence of the Obligations, in each case, pursuant to the DIP Orders; and be it further

5. **General Authorizations**

**RESOLVED**, that any and all actions heretofore or hereafter taken by (a) the Special Committee, any Authorizing Body, or members of either of the foregoing, (b) any Authorized Person or agent of the ECUO Foods Companies, and (c) any Company, in each case, with respect to, in furtherance of or in contemplation of the actions and transactions authorized by any of the foregoing resolutions are, and each is, hereby adopted, authorized, approved, ratified, and confirmed in all respects; and be it further

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of any Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of such Company with the same force and effect as if each such act,

transaction, agreement, or certificate had been specifically authorized in advance by resolution of the applicable Authorizing Body; and be it further

**RESOLVED**, that any Authorized Person be, and each of them individually hereby is, authorized to perform all acts, deeds, and other things as each applicable Company itself may lawfully do, in accordance with its governing documents and applicable law, howsoever arising in connection with the matters above, or in furtherance of the intentions expressed in the foregoing resolutions, including, but not limited to, the negotiation, finalization, execution, and delivery of any other agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents whatsoever as the individual acting may in such Authorized Person's reasonable discretion approve, deem, or determine necessary, appropriate, or advisable, such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof.

**IN WITNESS WHEREOF**, the undersigned have executed this consent effective as of the time that each of the undersigned have executed this consent.

ECUO FOODS, INC.

By: *Cristina Alzate*
Name: Cristina Alzate
Title: Director (Sole)